**DeNITTIS OSEFCHEN PRINCE P.C.**
Stephen P. DeNittis, Esq. (SD 0016)
Ross H. Schmierer, Esq. (RS 7215)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
rschmierer@denittislaw.com
*Attorneys for Plaintiff*

**HIRALDO, P.A.**
Manuel S. Hiraldo, Esq.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
(954) 400-4713
mhiraldo@hiraldolaw.com
(*Pro Hac Vice* Application Forthcoming)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Deanna Repola, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>Emerald City Realty, LLC, a New York corporation and Emerald City Realty New York, LLC., a New York corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**PUTATIVE CLASS ACTION** |

## INTRODUCTION

1. Plaintiff Deanna Repola ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants Emerald City Realty, LLC ("Emerald City") and Emerald City Realty New York, LLC ("Emerald City NY")(collectively referred to as "Defendants"), in negligently and/or willfully using an automatic telephone dialing system to call Plaintiff on Plaintiff's cellular telephone, without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges the following upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13.

5. The TCPA also expressly applies to unsolicited faxes as well as other forms of media such as text messages.

6. Congress recognized that not only can unsolicited calls, faxes, and text messages be a nuisance, but also may cause the receiver of the unsolicited communications to incur actual out-of-pocket losses, such as for the use of paper and toner for unsolicited faxes.

7. With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cellular telephones.

8. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted text messages to their cell phones.

9. Every transmission of a text message uses data, and the longer the text is, the more data is used.

10. Once an unsolicited text message is received, not only is it a nuisance to the receiver, but as importantly, that receiver is forced to incur unwanted message and/or data charges from their cell phone carrier.

11. As set forth herein, that is exactly what occurred to Plaintiff and other members of the putative class.

12. Plaintiff and the members of the proposed class received unsolicited sales text messages from Defendants, and consequently incurred additional message and/or data charges to their cell phone accounts, all because Defendants wished to advertise and market their products and services for their own benefit.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction because this case arises out of violations of federal law.

14. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants are subject to personal jurisdiction in Suffolk County, New York and because Defendants sent the unlawful text messages at issue herein from Suffolk County, New York.

## PARTIES

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New Jersey. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Emerald City is a Limited Liability Company which operates as a real estate company in Suffolk County, New York however, Defendant markets its goods and services throughout the state.

17. Emerald City NY is a is a Limited Liability Company which operates as a real estate company in Suffolk County, New York however, Defendant markets its goods and services throughout the state.

18. Emerald City and/or Emerald City NY, at all times during the relevant class period, participated in, endorsed, implemented, and performed the conduct alleged herein, specifically including the transmittal of the unlawful text messages that are the subject of this action.

## FACTS

19. Emerald City and Emerald City NY operate and market themselves as real estate companies in Suffolk County, New York.

20. To remain competitive and increase sales of its goods and services, Emerald City and/or Emerald City NY have resorted to unlawful telemarketing campaigns to the detriment of unsuspecting consumers like Plaintiff.

21. Specifically, on July 24, 2018, Emerald City and/or Emerald City NY or their agents, used an automated text messaging platform to transmit the following marketing text messages to Plaintiff's cellular telephone ending in 3250 ("3250 Number"):



22. Plaintiff is the subscriber and sole user of the 3250 Number.

23. At no point in time did Plaintiff provide Defendants with her express consent to be contacted by text message on his cellular phone using an automatic telephone dialing system.

24. Defendants were required to obtain Plaintiff's "prior express consent," as defined under the TCPA, before transmitting the text messages.

25. Under the TCPA, "prior express consent" is defined as:

> an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisement or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(8).

26. Plaintiff further alleges that Emerald City and/or Emerald City NY, or their agent, sent the above text messages not only to Plaintiff, but also to numerous other individuals, on their cellular telephones, without obtaining their prior express written consent.

5

27. The texts were sent to Plaintiff and the putative class for general marketing purposes, for the commercial benefit of Emerald City and/or Emerald City NY, and specifically to solicit customers for their real estate companies.

28. The text messages include the phone number 888-669-8859 so that the text message recipient can contact the sender of the text messages to "hear about [their] options!"

29. Upon information and belief, the phone number 888-669-8859 (the "Number") is owned and/or operated by or on behalf of Emerald City and/or Emerald City NY.

30. When the Number is called, a voicemail box system notifies the caller to leave a message for Lynette Velez of Emerald City Realty.

31. Lynette Velez is a broker and/or real estate agent of Emerald City and/or Emerald City NY.

32. The texts were not sent to Plaintiff and the putative class for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

33. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

34. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

35. Emerald City and/or Emerald City NY – or third parties directed by Emerald City and/or Emerald City NY – used an ATDS to send Plaintiff text messages.

36. The impersonal and generic nature of Defendant's text messages establish that Defendant utilized an ATDS to transmit the messages.

37. Specifically, the text messages fail to state the name of their intended recipient or provide any other specific information which would establish that the text messages were drafted with a specific recipient in mind. Instead the text messages are drafted to be sent to multiple parties with no alteration.

38. Additionally, the number used by Emerald City and/or Emerald City NY (545-454) is known as a "short code," a standard 5-digit code that enables Defendants to send SMS text messages *en masse*.

39. This short code was provided to Emerald City and/or Emerald City NY through a text messaging platform which permitted Emerald City and/or Emerald City NY to transmit thousands of automated text messages without any human involvement.

40. The platform utilized by Emerald City and/or Emerald City NY has the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

41. Emerald City and/or Emerald City NY's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Emerald City and/or Emerald City NY's text message also inconvenienced Plaintiff and caused disruption to his daily life.

42. Other people have complained about Emerald City's advertising campaigns as shown below from the Better Business Bureau webpage:



43.    As outlined herein, the unsolicited commercial texts sent by Emerald City and/or Emerald City NY or their agents to Plaintiff and the putative class violated 47 U.S.C. § 227(b)(1).

---

[1] https://www.bbb.org/us/ny/hauppauge/profile/real-estate/emerald-city-realty-llc-0121-159247
[2] *Id.*

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

**All persons in the United States who, within the four years prior to the filing of this Complaint, were sent a text message using the same type of equipment from Defendants or anyone on Defendants' behalf, to said persons cellular telephone number, advertising Defendants' services, without the recipients' prior express written consent.**

47. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. The exact number and identities of the persons who fit within the proposed class are ascertainable, in that Defendant maintains written and electronically-stored records of all texts that were sent, the dates they were sent, and the telephone numbers to which they were sent.

49. The proposed class is composed of over 1,000 persons.

50. The claims in this action arise exclusively from Defendants' uniform policies as alleged herein, from uniformly-worded texts sent by Defendants or their agents via an "automatic telephone dialing system."

51. No violations alleged are a result of any oral communications or individualized interaction between any class member and Defendants.

52. There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

    a) Whether Defendants or their agents sent text messages to the cellular telephones of Plaintiff and the class;

    b) Whether Defendants obtained express written consent from Plaintiff and the class before sending such text messages;

    c) Whether Defendants' uniform policies and common course of conduct, as alleged herein, violated the TCPA;

    d) Whether Plaintiff and the class are entitled to damages arising from Defendants conduct alleged herein; and

    e) Whether Plaintiff and the class are entitled to an order for injunctive and declaratory relief, enjoining Defendants from carrying on the policies alleged herein.

53. Plaintiff is a member of the class she seeks to represent.

54. The claims of Plaintiff are not only typical of all class members, they are identical in that they arise from Defendants' uniform policies and form texts and are based on the same legal theories of all class members.

55. Plaintiff has no interest antagonistic to, or in conflict with, the class.

56. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

57. Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

58. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member were less than $500 per person and individual actions to recoup such an amount are not economically feasible.

60. Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

63. Plaintiff incorporates by reference all of the above paragraphs of her Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, et seq.

65. As a result of Defendants' negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

67. Plaintiff incorporates by reference all of the above paragraphs of her Complaint as though fully stated herein.

68. The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

69. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the class respectfully pray for the following relief:

   A. Certification of the class under Fed. R. Civ. P. 23;

   B. On the First Count, as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

   C. On the Second Count, as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

   D. An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(2)(D);

   E. Attorney's fees and costs; and

   F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 6, 2018

                            **DeNITTIS OSEFCHEN PRINCE, P.C.**

By:   /s/ Ross H. Schmierer
        Ross H. Schmierer, Esq.
        Stephen P. DeNittis, Esq.
        525 Route 73 North, Suite 410
        Marlton, New Jersey 08053
        (T): (856) 797-9951
        rschmierer@denittislaw.com

        **HIRALDO, P.A.**
        Manuel S. Hiraldo, Esquire
        (*Pro Hac Vice* Application Forthcoming)
        401 E. Las Olas Boulevard, Suite 1400
        Fort Lauderdale, Florida 33301
        (T): (954) 400-4713
        mhiraldo@hiraldolaw.com

        *Attorneys for Plaintiff*